D. S. JONES ET AL. v. CITY OF NEW BERN ET AL.

(Filed 27 September, 1922.)

1. **Schools — Bonds — Taxation — Municipal Debts—Election—Board of Trustees of New Bern Academy—Statutes—Amendatory Act.**

   The board of trustees of New Bern Academy, incorporated by 7 George III., and recognized by legislation in North Carolina by amendment from time to time, and given powers incident to boards of this character for issuing bonds, as well as plenary powers in the management of the school, found it necessary in stringent financial times to borrow money at various times from banks in order to keep the schools going. Upon the presentation of the matter to the board of aldermen of the city, an election was had upon the question of issuing bonds to take up the debt, in accordance with the Municipal Finance Act of 1921, and the proposition was approved: *Held,* the said board of trustees is an official board of said city, and its debts are the debts of the city, C. S., 2937; and the bonds issued by them to take up the indebtedness created before 5 December, 1921, and approved by the voters, are a valid obligation of the city, under the amendment of chapter 106, Extra Session of 1921, to C. S., 2937 (2), authorizing municipalities to fund or refund their indebtedness. See C. S., 2787, 2960 (2), 2937 (1).

2. **Schools — Bonds — Taxation—Municipal Corporations—Necessaries—Elections—Ratification.**

   Where a school board of trustees has borrowed money, and an election is regularly called to vote upon the question as to taking up the debt by a bond issue, the approval of the voters at the election afterwards so held is a ratification of the previous act of the school board, C. S., 2938, and renders unimportant the question as to whether the money had been borrowed for necessary purposes.

APPEAL by plaintiff from *Calvert, J.,* at September Term, 1922, of CRAVEN.

This was a controversy submitted without action upon a case agreed. The board of trustees of the New Bern Academy was incorporated by 7 George III., 3 November, 1766, and amended since by Laws 1883, ch.

117; Laws 1887, ch. 135. By Laws 1899, ch. 547, the board of trustees of New Bern Academy was constituted the board of trustees for the New Bern Graded Schools, and vested with "power to employ and fix the compensation of superintendents for said schools and such teachers as are necessary, and to do all such acts as are necessary to carry on said schools." By this last mentioned act provision was also made for holding an election to vote on a special tax of 12½ cents on the $100 for said schools.

By Private Laws 1907, ch. 52, "The Board of Trustees of the New Bern Graded Schools" was incorporated with the usual powers, and a provision was made that "All special city school taxes and all public school funds derived from the State and county for the use and benefit of said schools shall be paid to the treasurer of the said board of trustees of the New Bern Graded Schools for the use and benefit of said graded schools"; and further, "That said board of trustees shall have entire and exclusive control of the said graded schools in the city of New Bern; shall prescribe rules and regulations for the government of the same; shall employ, prescribe the qualifications, and fix the compensation of all officers and teachers in the said graded schools; shall arrange a proper course of study, and shall exercise such other powers as shall be necessary for the proper control and operation of the said schools," and under the authority of Private Laws 1909, ch. 324, an election was ordered by which an additional special tax of 7½ cents per $100 was voted for said schools.

By the authority of Private Laws 1913, ch. 176, another election was held, in which an additional tax of 10 cents per $100 was voted, and the city of New Bern was authorized to issue $40,000 in bonds for said schools, of which amount $20,000 was issued, and, as provided in the act, the money was paid over to the board of trustees in such manner and for such uses and purposes in the building and equipment of buildings and in the maintenance of the schools as said board directed.

In the beginning certain property was given to the board of trustees of the New Bern Academy, and from time to time property has been received by gift, bought, mortgaged, and sold and debts contracted and paid during the 156 years since the board was incorporated, and in all this time the power of the board to do these things has been unquestioned.

During the recent World War the expenses of operating the graded schools in said city greatly increased, and the board of trustees, to keep the schools open, was compelled to anticipate the collection of taxes by borrowing money from the banks of the city. Loans were duly authorized by the board, and notes given for the amounts borrowed which have been renewed from time to time. These loans within a few years aggregated $30,000, and it was deemed impractical to pay the indebtedness

out of the current revenues, which are barely adequate to pay current expenses. The board of trustees presented the matter to the board of aldermen of the city of New Bern, and the board of aldermen duly authorized the issuance of $30,000 of funding bonds of the city of New Bern, for paying the debt of the board of trustees of the New Bern Graded Schools incurred as above stated. Section 5 of the ordinance provides: "This ordinance shall take effect when approved by the voters of the city of New Bern at an election as provided by the Municipal Finance Act of 1921."

A new registration was ordered, and a notice of election duly given as required by law, and the election was held 16 May, 1922, at which a majority of the qualified voters of the city authorized the issuance of said bonds for the aforesaid purpose of paying the debt of the New Bern Graded Schools. The result was duly canvassed, declared, and published, and pursuant thereto the board of aldermen have levied a tax sufficient to pay the principal and interest of said bonds, and is preparing to advertise and sell the same.

The validity of said bonds and the levy of said tax were submitted to the court, after a controversy without action in the manner required by law.

The case coming on before the court upon the case agreed, the court adjudged that "said $30,000 refunding bonds of the city of New Bern, N. C., for paying the debt of the New Bern Graded Schools, and the annual tax to pay the principal and interest of said bonds, approved by a majority of the qualified voters of said city at an election held on 16 May, 1922, are valid, and it is ordered that said bonds be issued in accordance with law, and that said tax be annually levied and collected."

The plaintiff in this action is a resident, voter, property owner, and taxpayer in said city, and has instituted this action on his own behalf and that of all other residents, voters, property owners, and taxpayers of said city. The defendants are the board of aldermen of said city, the mayor, city clerk, treasurer, and city tax collector. From said judgment the plaintiff appealed.

*W. D. McIver* for plaintiff.
*R. A. Nunn* for defendants.

CLARK, C. J. The facts being agreed, the only assignment of error is to the judgment. The plaintiff contends that the debt is not "a debt of the municipality" within the meaning of C. S., 2937 (2), as amended by Laws 1921, Extra Session, ch. 106, which authorized municipalities "to fund or refund a debt of the municipality incurred before 5 December, 1921." The defendants contend that the board of trustees of the

New Bern Graded Schools is an official board of said city, and its debts are debts of the city, and, therefore, the debts proposed to be funded by means of said bond issue are debts within the meaning of subdivision (2), C. S., 2937.

The city government collects the school taxes and pays over the money to the school trustees, whose duty it is to maintain the schools, and if necessary, borrow money for that purpose in anticipation of the collection of taxes. Otherwise, at times it would be necessary to close down the schools.

C. S., 2787, provides that the city shall have the power "to appropriate the money of the city for all lawful purposes." C. S., 2960 (2), reads: "The authorization of bonds by a municipality shall be deemed to be an appropriation of the maximum authorized amount of the bonds for the purposes for which they are to be issued." C. S., 2937 (1), provides: "A municipality may issue its negotiable bonds for any one or more of the following purposes: (1) For any purposes or purpose for which it may raise or appropriate money, except for current expenses," and Public Laws 1921, ch. 133, last paragraph of section 4 reads: "Bonds hereafter issued by or on behalf of any school district may be issued in the name of such corporation or in the name of any incorporated official board or body authorized to issue said bonds, or in such other manner as may be authorized by law."

The schools of the city owe $30,000, and the city is liable for the debt. The trustees of the school and the board of aldermen deem it better to fund with city bonds than to pay it out of current revenues. Ordinances were duly adopted to that effect, the question was submitted to the voters, the election regularly held, and a majority of the qualified voters of the city voted in favor of issuing the bonds and levying the tax to pay the same. C. S., 2787, provides that the city may appropriate money for all lawful purposes, and under C. S., 2960, these bonds were authorized as an appropriation for the purposes for which issued. A municipality may issue bonds, C. S., 2937.

When the bonds to be issued are not for necessary expenses, then the ordinance must be approved by the voters at an election as provided in the Municipal Finance Act, C. S., 2938. This has been done. Even if the board of trustees had no power to contract the debt in the administration of the schools without first having the sanction of the voters expressed in an election, they have ratified and confirmed the issuance by their vote in the election of 16 May, 1922. *Hammond v. McRae,* 182 N. C., 747.

On consideration of that case, we think it is unnecessary to cite further authority, and the judgment of his Honor is

Affirmed.